UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEONARD WESTON BYERS, JR., <br><br> Plaintiff, <br><br> v. <br><br> TACOMA POLICE DEPARTMENT, *et al*, <br><br> Defendants. | Case No.  C04-5765RBL <br><br> REPORT AND RECOMMENDATION <br><br> Noted for April 1, 2005 |

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter is before the court because plaintiff has failed to respond to the court's order to show cause.  After reviewing the record, the undersigned recommends that the court dismiss plaintiff's complaint for the reasons set forth below.

DISCUSSION

On November 17, 2004, the court issued an order requiring petitioner to cure certain deficiencies in his application to proceed *in forma pauperis*, or show cause why this matter should not be dismissed. (Dkt. #6).  On December 2, 2004, the postal service returned plaintiff's copy of the court's order which had been sent to his last known address, the Washington County Jail, located in Hillsboro, Oregon. (Dkt. #7).  Apparently, plaintiff was no longer in custody at the Washington County Jail at the time, but he did not inform the court of his change of address.

It is the *pro se* plaintiff's responsibility to keep the clerk informed of his or her current address to ensure timely notification of court action.  Local Rule CR 10(f) requires parties to notify the court within ten days of a change of address.  Local Rule CR 41(b)(2) states:

ORDER
Page - 1

A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

Here, the court has sent plaintiff its order to show cause to the address provided to it by plaintiff, even though plaintiff has the responsibility for notifying the court of any change of address. The court is unaware of any other place of residence or confinement for plaintiff, and, as discussed above, plaintiff has failed to respond to the court's order to show cause or provide the court with a notice of a change in his mailing address.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the court dismiss this matter without prejudice for failure to prosecute pursuant to Local Rule CR 41(b)(2).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed set this matter for consideration on **April 1, 2005**, as noted in the caption.

DATED this 3rd day of March, 2005.

/s/ Karen L. Strombom
KAREN L. STROMBOM
United States Magistrate Judge